UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

RANDY LENARD JENKINS,        )
                             )
    Plaintiff,               )
                             )
v.                           )    Case No. CV413-244
                             )
OFFICER EWING and            )
HINESVILLE POLICE            )
DEPARTMENT,                  )
                             )
    Defendants.              )

## REPORT AND RECOMMENDATION

Randy Lenard Jenkins, currently held at Dodge State Prison for theft by shoplifting, has filed a form 42 U.S.C. § 1983 civil rights complaint which challenges the validity of that conviction. (Doc. 1.) He asks for money damages and a declaratory judgment, claiming that he could not be tried for a felony when the charging instrument was a traffic citation. (*Id.* at 5-7.) His case must be dismissed.[1]

---

[1] This case is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss *sua sponte* an IFP plaintiff's complaint that fails to state a claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

Jenkins, who is still serving a state sentence for shoplifting, cannot use § 1983 as a tool to challenge that conviction. Perhaps he may pursue state habeas corpus relief. But until his conviction is overturned, he has no cognizable claim for relief under § 1983. Jenkins' § 1983 action should be **DISMISSED**.

2

Based upon his furnished information, Jenkins currently owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this  9th  day of June, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA